On Rehearing.
 

 OVERTON, Justice.
 

 Our attention is called to the fact that there are questions and facts in this case that were overlooked or erroneously stated by us in our original opinion. A re-examina
 
 *584
 
 tion of the record impresses us that to some extent this is perhaps true. Therefore a rehearing was granted and we now consider the case on rehearing.
 

 For the sake of clarity, we shall repeat a few of the facts stated in our original opinion. The suit is for a balance, alleged to be due by defendant to plaintiff for gas, taken by defendant from plaintiff under a gas lease. The suit was met by a plea in abatement or in bar, resting on the ground that defendant — a corporation — had been dissolved and had ceased to exist. In a supplemental petition, plaintiff prayed that the certificate of dissolution, issued by the secretary of state, under section 62 of Act No. 250 of 1928, be canceled and annulled. It is the plea in bar and the demand for the cancellation of the certificate of the secretary of state that the court has presently before it.
 

 Unless the certificate of the secretary of state be annulled, the litigation against the corporation is ended, for the. effect of the certificate is to destroy the corporation by putting it completely out of existence. In other •words, unless the certificate be annulled, the corporation would remain dead.
 

 The ground alleged for the annulling of the certificate is that the certificate of the liquidator, certifying that the affairs of the corporation had been wound up, upon which the certificate of the' secretary of state rests, is incorrect and untrue, because there were pending, at the date of the certificate, four lawsuits against the State Line Oil & Gas Company, Inc., in this court, that is, the district court, as shown by the docket thereof, one of the suits having been carried by appeal to the Supreme Court, and being then pending here, and two of the suits having been actively contested by the State Line Oil & Gas Company, Inc., during the administration of the liquidator, by the corporation, without reference to a liquidator, and after the certificate of the secretary of state had issued.
 

 The evidence taken shows' that one of the suits, the one pending in this court, was still pending here, when the certificate of the secretary of state was issued; that there had been one pending in the lower court, prior to the commencement of the liquidation, but that it, just before the liquidator took charge of the affairs of the corporation, was dismissed on an exception of no cause of action ; then there was the one still pending in this court, and the present case, which was then pending in the district court. The fourth was apparently overlooked in the taking of evidence in this case or else it never existed. Therefore there were two pending cases when the liquidator certified to the secretary of state that the liquidation was complete. No effort appears on his part to ascertain what suits, if any, were pending, or to notify the opposing litigants, or to call upon them to present their claims. The entire liquidation, such as it was, was had and closed within ten days from the .appointment of the receiver. The matter, apparently, was treated as if it were one whose chief purpose was to put the defendant out of existence as a corporation, without any regard as to the rights of litigants. The liquidator disclaims-having had any knowledge as liquidator of the two pending suits, though his evidence as a whole is by no means clear
 
 *586
 
 that he did not ¡have personal knowledge to the effect that the two suits were pending, the terms “official” and “personal knowledge” being used by the witness in testifying. This statement relates to the time when the liquidator certified to the secretary of state that the liquidation had been fully completed.
 

 It is the duty of a liquidator, under the law, whether the liquidation he a judicial or extrajudicial one, to wind up the corporation’s affairs, that is, to assemble its assets, pay all debts, as far as the assets will go, that are known to him, or of which he may easily acquire knowledge, terminate in a legal manner, that is, by prosecuting, defending, or compromising it, all litigation pending in which the corporation is a party, and pay what surplus there may be to the stockholders. Sections 57 and 62 of Act'No. 250 of 1928; Bouvier’s Law Dictionary, yerbe “Liquidating”; Webster’s New International Dictionary, Yerbe “Liquidate.”
 

 In this case the liquidation was hurriedly had. The entire period, computing it from the date the stockholders appointed the liquidator, covered less.than ten days. Although the liquidator had ample means at hand to ascertain whether any suits were pending for or against the corporation, he did not avail himself of these means. In both of the pending suits, citation was served on the president of the corporation. The president therefore knew whether any suits were pending against the corporation or not, and the stage which the suits had reached. The liquidator might have left his office and gone to the clerk’s office and in less than an hour have obtained all the information required as to these suits. The liquidator, as is patent, made no effort to avail himself of any of these means. There was an obvious failure here to discharge the duty imposed by law on the liquidator, and this greatly to the injury of opposing litigants. The Legislature had no intention of .sanctioning the issuance of a certificate of dissolution on such a careless and incomplete administration as was the present. The certificate of the secretary of state, issued upon the faith of the certificate of the liquidator, should be annulled.
 

 For these reasons, our original decree is set aside, the certificate of dissolution, issued by the secretary of state, is set aside and annulled, the plea in bar or in abatement is overruled, and the case is remanded to be proceeded with according to law. The right to apply for a rehearing by party cast is reserved.